HENRY N. SMITH, RESPONDENT, v. JOSEPH C. PFISTER
AND ANOTHER, APPELLANTS.

*Practice — right to serve an amended complaint — an extension of time is a waiver of the right to object that a complaint is not sufficient to require an answer or demurrer.*

In this action, brought against the maker and indorser of a promissory note, the complaint, after declaring in the usual form upon the note, stated that the note was made and indorsed for the purpose, by such indorsement, of giving credit to the maker and to induce the plaintiff to sell goods, wares and merchandise to him, and that the note was passed to the plaintiff in payment for such goods and merchandise. The defendant having demanded a verified bill of particulars of the merchandise so sold, the plaintiff, within twenty days from the date of the service of the complaint, served an amended complaint leaving out the allegations of the former complaint which stated the consideration for the note and its indorsement.

*Held,* that a motion of the defendants to have the amended complaint set aside, on the ground of its insufficiency, was properly denied.

After the service of the amended complaint the defendants procured an order extending the time to answer or demur thereto, and subsequently procured a stipulation from the plaintiff's attorney further extending the time to answer the same.

*Held,* that by procuring an order extending the time to answer or demur to the amended complaint, the defendants waived their right to deny that it was sufficient to require an answer or demur.

*Brooks* v. *Hanchett* (21 N. Y. Week. Dig., 267) followed.

APPEAL from an order of the Erie Special Term, denying the defendants' motion to have plaintiff's amended complaint set aside and held for naught.

*Frederick R. March,* for the appellants.

*Plumley & Kingston,* for the respondent.

HAIGHT, J.:

The original complaint declared upon a promissory note in the usual form, and in addition contained the following: "That said note was made by the defendant Joseph C. Pfister, and indorsed by the defendant John G. Crocoll, for the purpose of paying for goods, wares and merchandise sold and delivered by this plaintiff to the defendant Pfister on the credit of such indorsement, and that Crocoll indorsed the same for the purpose of procuring for the said maker a credit with the plaintiff, knowing that it would be so applied, and that said note was so passed and so indorsed by the defendant, with his privity to the plaintiff, in payment for such goods and merchandise thus sold and delivered."

The defendants demanded of the plaintiff a verified bill of particulars of the goods, wares and merchandise sold and delivered by the plaintiff to the defendant Pfister, upon the credit of the indorsement of the note in suit as stated and set forth in the complaint. Thereafter, and within twenty days from the date of the service of the complaint, the plaintiff served an amended complaint setting up the same cause of action as that set forth in the original complaint, leaving out, however, the allegations thereof which stated the consideration for the note and indorsement.

Subsequently the defendants procured an order from one of the justices of this court extending their time to answer or demur to the amended complaint twenty days, which order was served upon the plaintiff's attorneys; and subsequently still the defendants' attorney procured a stipulation from the plaintiff's attorneys further extending their time to answer the complaint.

After procuring the order extending the time to answer the amended complaint, the defendants moved at Special Term for an order that the amended complaint be set aside and held for naught for the reason that it was not sufficient as an amended complaint.

This motion was denied, and from the order entered thereon appeal was taken to this court. Section 542 of the Code provides that "within twenty days after a pleading, or the answer or demurrer thereto, is served, or at any time before the period for answering it expires, the pleading may be once amended by the party of course, without costs and without prejudice to the proceedings already had. But if it is made to appear to the court that the pleading was amended for the purpose of delay, and that the adverse party will thereby lose the benefit of a term for which the cause is or may be noticed, * * * the amended pleading may be restored to its original form and such terms imposed as the court deems just." In the case under consideration it was not made to appear that the pleading was amended for the purpose of delay, or that the adverse party would lose the benefit of a term by reason of such amendment.

The evident purpose of the amendment was to get rid of serving a bill of particulars as to the goods, wares and merchandise sold and delivered by the plaintiff to the defendant Pfister, which it was alleged were the consideration for the note. It was not necessary for the plaintiff in stating his cause of action to state the consideration upon which the note was given; having stated it the defendants had the right to answer it; to avoid this, the plaintiff saw fit, within the time given him by the Code, to serve an amended complaint omitting this allegation. We are of the opinion that this is permissible under the provisions of the section quoted.

Again, the defendants had waived their right to make the motion by procuring an order extending their time to answer the amended complaint or demur, without reserving the right to move to set it aside. The procuring of extension of time implies that the complaint is sufficient to require an answer or demurrer. (See *Brooks* v. *Hanchett,* 21 N. Y. Weekly Dig., 267, and authorities there cited.)

The order should be affirmed, with ten dollars costs and disbursements.

Smith, P. J., Barker and Bradley, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.